UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH P. GOCH, | ) | CASE NO.  5:09CV2800 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| STEVE ROSEDALE, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Joseph P. Goch is a citizen of Ohio.  He brings this action as a tort or other personal injury[1] against defendants Steve Rosedale ("Rosedale"), Communicare Health Services ("Communicare"), and Wyant Woods Care Center ("Wyant Woods"), all of whom are also citizens of Ohio. Examination of the plaintiff's rambling narrative in the Amended Complaint (Doc. 4) shows that he is a resident of Wyant Woods and that its employees allegedly are depriving him of certain rights, such as the use of the telephone and restriction of his mail. Plaintiff requests that the Court force Wyant Woods to cooperate with his requests, so that he can function as an effective *pro se* plaintiff.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state

a claim on which relief can be granted or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reason stated below, this action will be dismissed pursuant to § 1915(e).

Given the most liberal construction, the Amended Complaint in the case at bar does not contain allegations remotely suggesting the plaintiff might have a valid federal claim, or setting forth a reasonable basis for jurisdiction. The Court does not have federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the plaintiff has attempted to plead state law claim(s).

Diversity jurisdiction exists where the matter in controversy exceeds $75,000.00, and is between citizens of different states. 28 U.S.C. § 1332(a). The complete diversity rule requires that every plaintiff be of diverse citizenship from every defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Without regard to whether the plaintiff may have stated an otherwise valid claim for relief, it is clear on the face of the Amended Complaint that there is not complete diversity of citizenship of the parties. The inclusion of Rosedale, Communicare, and Wyant Woods as parties defendant is a violation of the complete diversity rule since the plaintiff is a co-citizen of theirs. The Court therefore lacks subject matter jurisdiction

---

[1]*See* Civil Cover Sheet (Doc. 1-1).

[2]A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-609 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

over this matter. *See Caudill v. North America Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). Accordingly,

Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is GRANTED and this action will be dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: March 16, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.